IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

BETTY D. BRYAN,

    Plaintiff,

v.                                                                         CIV 02-363 KBM

JO ANNE B. BARNHART,
Commissioner of Social Security,

    Defendant.

# **MEMORANDUM OPINION AND ORDER**

This matter is before the Court on Plaintiff's motion to reverse or remand the Administration's denial of disability and insurance benefits. *Doc. 14*. Among her allegations of error are the arguments that the Administrative Law Judge ("ALJ") improperly evaluated her credibility (including failing to consider her long prior work history as a factor) and ignored the interrelationship between depression and chronic pain (which she asserts is supported by her testimony and medical evidence). She also argues that an inaudible transcript, coupled with the medical evidence warrants reversal and an award of benefits. As for the inaudible transcript, Defendant asserts that Plaintiff fails to identify any specific portion that may have resulted in a different outcome and, therefore, neither remand nor reversal is required.

I disagree that the inaudible transcript warrants reversal, but I do find that it justifies remand. Defendant is required to file the record, including the transcript of the hearing, and I am required to review the entire record in arriving at my decision. *E.g., Casias v. Sec'y of Health & Human Servs.*, 933 F.2d 799, 800 (10th Cir. 1991). I note that counsel for Plaintiff is not the same

attorney who represented Plaintiff at the hearing before the ALJ, so the Court would not necessarily expect counsel to be able to identify which omissions are key. Since the hearing was held in 2000, the Court would also not expect Plaintiff to be able to reconstruct her precise testimony for her current attorney.

Moreover, although the Tenth Circuit does not appear to have addressed the issue, other courts have held that prejudice to the claimant is not the only consideration. Instead, if the inaudible testimony impedes judicial review, then remand is warranted. *See Barnes v. Barnhart,* 251 F. Supp. 2d 973, 974 (D. Me. 2003) (and Eighth and Ninth circuit decisions cited therein); *Coronato v. Heckler,* 1985 WL 1922 (N.D. Ill. 1985) (and District of Columbia decision cited therein); *see also Carrington v. Heckler,* 587 F. Supp. 61 (M.D. Ga. 1984).

The transcript in this case is replete with omissions not only of Plaintiff's testimony, but also her representative's and the ALJ's questions. *See, e.g., Administrative Record* at 38-63. It appears that most of the inaudible questions and answers center around Plaintiff's asserted limitations, which in turn can affect her credibility, which in turn may impact a significant factual finding that underlies the ALJ's analysis. Under those circumstances, I cannot provide meaningful judicial review of the matter, and a remand is appropriate. *See Barnes, supra; Coronato, supra; Carrington, supra; see also Bailey v. Heckler,* 576 F. Supp. 621, 623 (D.D.C. 1984); *compare Drejka v. Commissioner of Social Security,* 61 Fed. Appx. 778, 783 (3rd Cir. 2003) (the few inaudibles were immaterial since the testimony ALJ relied on was provided and complete); *Williams v. Barnhart,* 289 F. 3d 556, 558 (8th Cir. 2002) (significant inaudible testimony concerned medical expert summarizing the medical records, but the medical records were provided and the other few omissions did not interfere with court rendering a fair review).

Additionally, Plaintiff correctly notes that the ALJ did not discuss whether or what weight he assigned to her prior work history in assessing her credibility.  Defendant concedes that this constitutes one of the many factors relevant to a credibility determination.  *See Doc. 16* at 4 (citing 20 C.F.R. § 404.1529(c)(3)).

My decision to remand expresses no view on the merits of the Plaintiff's arguments or the ALJ's decision.

Wherefore,

**IT IS HEREBY ORDERED** that Plaintiff's motion *(Doc. 14)* is granted in limited part and the matter is remanded to the Commissioner for further proceedings.  A final order will enter concurrently herewith.

_____
UNITED STATES MAGISTRATE JUDGE
Presiding by consent.

3